1   McDERMOTT WILL & EMERY LLP
    Daniel E. Alberti (State Bar No. 68620)
2   dalberti@mwe.com
    Stephen J. Akerley (State Bar No. 160757)
3   sakerley@mwe.com
    Elaine M. Heal (State Bar No. 211723)
4   eheal@mwe.com
    3150 Porter Drive
5   Palo Alto, CA  94304-1212
    Telephone:    650.813.5000
6   Facsimile:    650.813.5100

7   McDERMOTT WILL & EMERY LLP
    Joseph H. Paquin, Jr. *(Pro Hac Vice Pending)*
8   jpaquin@mwe.com
    227 West Monroe Street, Suite 4400
9   Chicago, IL  60606-5096
    Telephone:    312.372.2000
10  Facsimile:    312.984.7700

11  Attorneys for Plaintiff HITACHI, LTD.

12  BAUM & WEEMS
    Robert C. Weems (SBN 148156)
13  rcweems@comcast.net
    Julian M. Baum (SBN 130892)
14  58 Katrina Lane
    San Anselmo, CA  94960
15  Telephone: (415) 460-1791
    Facsimile: (415) 457-9157

16
    Attorneys for Defendants TATUNG COMPANY.
17  and TATUNG CO. OF AMERICA

18              UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20               SAN FRANCISCO DIVISION

21  HITACHI, LTD., a Japanese corporation,     CASE NO. C 05 02302 CRB

22              Plaintiff,                      ELECTRONIC CASE FILING

23         v.                                   **STIPULATED PROTECTIVE ORDER**
                                                **[~~PROPOSED~~]**
24  TATUNG COMPANY, a Taiwanese
25  corporation; and TATUNG CO. OF
    AMERICA, INC., a California corporation,
26
27              Defendants.

28

STIPULATED PROTECTIVE ORDER          1          CASE NO. C 05 02302 CRB

*(sidebar)* McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

WHEREAS, the parties expect that discovery in this action will require the production of technical and business information that is confidential and proprietary in nature, the unrestricted disclosure or dissemination of which could subject them and/or others to commercial or competitive injury;

WHEREAS, the parties are desirous of establishing mechanisms and protocols that will permit efficient discovery in this action and also protect themselves and others from the risk of misuse, unrestricted disclosure and dissemination of such confidential and proprietary information.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

## I.    DEFINITIONS

The following definitions apply to this protective order:

1.    "Communicate" means disclose, provide, show, or make available in any way to another person or entity.

2.    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a designation that may be applied to information that a Designating Party believes in good faith to constitute, contain, or reveal its trade secrets or other confidential research, development, design, testing, commercial, financial, licensing or personnel information relating to its business, the unrestricted disclosure or dissemination of such information to third parties could adversely impact its business. Information may also be designated  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it is held by a Designating Party subject to an obligation of confidentiality owed to a third party.

3.    "Confidential Information" means information that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order.

4.    "Copy" means any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

5.    "Designated Counsel" means outside counsel of record for a party in this action,

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

including all attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel.

6.    "Designating Party" means any party to this action, or any third party from whom discovery is sought in this action, invoking the protections of this Order.

7.    "Display Technology" means any technology that pertains to monitor or display products, including flat panel, LCD or CRT monitors or displays, or computer hardware or software that is designed to implement or facilitate communications between a computer and such monitor or display products.

8.    "Party" means every party to this action and every director, officer, employee, and agent of every party to this action.

9.    "Expert or Consultant" means any outside expert or consultant retained by a Party in connection with preparation for trial or for trial in this action and any administrative or clerical personnel affiliated with or employed by the expert or consultant as well as copy services, translators and other similar vendors providing clerical or administrative support to such expert or consultant.

## II.    TERMS OF THE PROTECTIVE ORDER

1.    <u>Scope of This Protective Order</u>.    The terms of this Protective Order shall apply to all proceedings in this action, including proceedings during trial or on appeal.  Nothing herein shall prohibit any party from seeking a further protective order with respect to the proceedings in this action.

2.    <u>Materials Subject to Designation</u>.  Any party to this action, or third party from whom discovery is sought, may designate any of the following as Confidential Information under the terms of this Order:  deposition testimony; responses to interrogatories, requests for admission or other written discovery; documents and things produced pursuant to subpoena or F.R.C.P. 34 request; expert witness reports; and facilities or other physical locations made available for inspection pursuant to discovery request in this action.

3.    <u>Derivative Materials</u>.    Any extract, summary, compilation or other material

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  derived in whole or in part from Confidential Information shall itself be deemed to be

2  Confidential Information, and the dissemination and use thereof shall be governed by this

3  Protective Order.

4         4.    Manner of Designation of Confidential Information

5               a.    Designation of Documents and Things.  A Designating Party shall

6  designate Confidential Information by placing a clear, permanent legend on each page of any

7  document being designated or, in the case of physical objects, computer disks, or other tangible

8  things, on the thing itself or on the container in which it is produced.  The legend shall bear the

9  words "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All documents and things shall be

10  so designated by the Designating Party prior to their production or delivery, except as set forth

11  below.

12         To expedite discovery in this action, a Designating Party may make documents

13  and things available for inspection prior to the placement of a legend thereon, without thereby

14  waiving the protections of this Order.  Thus, the Designating Party may advise the requesting

15  party that some or all of the documents or things to be produced for inspection are designated

16  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order and that only

17  Designated Counsel for the requesting party and outside experts and consultants permitted under

18  the Protective Order to access such materials will be permitted to participate in such inspection.

19  After the inspection, the Designating Party may then designate the documents and things

20  selected by Designated Counsel for the requesting party by marking them with the appropriate

21  legend prior to delivery of copies to the requesting party's Designated Counsel.  In such cases,

22  permitting such initial inspections shall not constitute waiver of confidentiality with respect to

23  any document or things so inspected.

24               b.    Manner of Designating Deposition Testimony.  If in the course of a

25  deposition any Confidential Information is used (whether as an exhibit or otherwise) with or

26  elicited from a witness, the portion of the transcript in which such Confidential Information is

27  contained shall be designated under this Protective Order.  To so designate such portion of a

28  transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1  shall state on the record that the testimony or portion thereof is being designated

2  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" whereupon the deposition officer shall

3  place the appropriate legend on each page of the transcript containing such designated testimony

4  and shall bind same separately from any non-designated portions of the deposition transcript.  In

5  the alternative, any party may advise all other parties in writing, and with page and line

6  identifications, of the designation of such testimony, within thirty (30) days after receipt of the

7  transcript of a deposition.  Until thirty (30) days have passed after the receipt of any transcript,

8  the entire transcript shall be deemed to be designated CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY.  Unless otherwise ordered by this Court, the Designating Party shall have the

10  right to have all persons, except the deponent and his/her Designated Counsel and such other

11  persons as are permitted under the terms of this Protective Order to have access to Confidential

12  Information, excluded from a deposition during the taking of the testimony designated pursuant

13  to this Protective Order.

14          c.      Inadvertent Production or Failure to Designate.  In the event that any

15  document or thing qualifying for designation as Confidential Information is inadvertently

16  produced without the proper designation, the disclosing party shall identify such document or

17  thing promptly after its inadvertent production is discovered and provide a copy of such

18  document or thing with the proper designation to counsel for the receiving party, upon receipt of

19  which the receiving party shall promptly return or destroy all copies of the undesignated or

20  misdesignated document or thing.

21          In the event that any document or thing containing or constituting privileged

22  attorney-client communications or attorney work product is inadvertently produced, the

23  disclosing party shall notify the receiving party promptly after it is discovered that the privileged

24  material was inadvertently produced for inspection or provided, and upon receipt of such

25  notification the receiving party shall promptly return to Designated Counsel for the disclosing

26  party any and all copies of such document or thing and thereafter refrain from any use

27  whatsoever, in this case or otherwise, of such document or thing.  Nothing herein shall prevent

28  the receiving party from contending that any such document or thing was not inadvertently

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATED PROTECTIVE ORDER          5          CASE NO. C 05 02302 CRB

1  produced, or that privilege was waived for reasons other than the mere inadvertent production

2  thereof.

3       5.    <u>Treatment of Confidential Information</u>.  Information designated as

4  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all information derived from the

5  information so designated (excluding such information as is derived lawfully from an

6  independent source), shall be used only for the purposes of this litigation, and not for any

7  business, commercial, patent prosecution or other purpose whatsoever.  Such information shall

8  not be Communicated to any person or entity other than Designated Counsel, the Court and

9  Court Reporters, and those persons to whom disclosure is permitted under the terms of Section

10  II.6 below.

11       6.    <u>Outside Experts and Consultants</u>.  Information designated as "CONFIDENTIAL

12  – ATTORNEYS' EYES ONLY" may be Communicated to outside Experts or Consultants

13  retained by a Party in connection with preparation for trial or for trial in this action, provided

14  that the following conditions are met:  (a) Before any Confidential Information is disclosed to

15  any Expert or Consultant, that person shall execute and deliver to all Designating Parties a

16  Confidentiality Agreement in the form attached to this Protective Order as Exhibit A; and (b)

17  Counsel of record for the Designating Party will be served with written notice by first class mail

18  and by facsimile not less than ten (10) calendar days before disclosure to any such Expert or

19  Consultant, together with a current resume for such Expert or Consultant.  Should counsel of

20  record for the Designating Party object to the disclosure of such information to an outside Expert

21  or Consultant, and such objection is not informally resolved by the parties, the Designating Party

22  shall have twenty-one (21) calendar days following the service of said written notice within

23  which to file a motion in order to bar such disclosure, and no disclosure shall take place until

24  such motion is decided or by leave of court.

25       7.    <u>Request for Additional Disclosure</u>.  If any counsel of record desires to

26  Communicate a Designating Party's Confidential Information to any person other than those

27  otherwise permitted access to such information under the terms of this Protective Order,  such

28  counsel shall first obtain the written consent of the Designating Party or a Court Order

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**    6    **CASE NO. C 05 02302 CRB**

1  authorizing such disclosure.  Except as expressly agreed in writing by the Designating Party or

2  ordered by the court, each person to whom the Confidential Information is to be Communicated

3  must execute a written Confidentiality Agreement, in the form attached hereto as Exhibit A.

4       8.    Maintenance of Designated Information.  Counsel and those persons to whom

5  disclosure is permitted under the terms of Sections II.5 and II.6 above who have received

6  Confidential Information that is provided pursuant to this Order shall maintain such Confidential

7  Information in a secure and safe area and shall exercise due and proper care with respect to the

8  storage, custody, use, and disposal of all Confidential Information, so as to prevent the

9  unauthorized or inadvertent disclosure of any of it.

10      9.    Court Reporters.  Any court reporter shall be entitled to hear Confidential

11  Information and receive and handle exhibits containing Confidential Information as necessary or

12  appropriate for the performance of his or her duties.  The court reporter may allow the deponent

13  to review the original of the transcript or may deliver the original transcript for such review to

14  the attorney for the deponent, if that attorney has executed and delivered to the Designating

15  Party's counsel of record a Confidentiality Agreement in the form attached to this Stipulated

16  Protective Order as Exhibit A or is one of the Designated Counsel defined in Section I.5 above.

17      10.    Filing Documents with the Court.  Every document containing Confidential

18  Information which is filed or lodged with the Court, or any pleading or memorandum purporting

19  to reproduce or paraphrase such information, shall be filed or lodged consistent with Civil L.R.

20  79-5 in a sealed envelope or other appropriately sealed container on which shall be recorded the

21  title to this action, the general nature of the contents, the identity of the party filing the materials,

22  and a statement substantially in the following form:

23                **DOCUMENT SUBMITTED UNDER SEAL**

24          **CONFIDENTIAL – FILED PURSUANT TO PROTECTIVE ORDER**

25      Upon default of the filing or lodging Party properly to file or lodge documents

26  containing Confidential Information in accordance with this Stipulated Protective Order, any

27  Party or Designating Party who in good faith believes that lodging or filing under seal is

28  required may, within five (5) calendar days of learning of the defective filing or lodging, request

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**          7          **CASE NO. C 05 02302 CRB**

the Court to treat it as having been filed or lodged under seal. Notice of such request shall be

given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by

failure to properly file or lodge documents containing Confidential Information under seal.

11.    <u>No Effect on Party's Own Use</u>. A Designating Party's designation of information

as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not affect its own right to

Communicate or use any of its information so designated.

12.    <u>Limitations Upon Scope of Order</u>. The restrictions set forth in this Order shall

not apply to any information, including information contained in the document, which:

a.    At the time of the disclosure hereunder is available to the public; or

b.    After disclosure hereunder becomes available to the public through no act,

or failure to act, by the receiving party; or

c.    The receiving party can show (i) as a matter of written record was already

known to the receiving party; (ii) as a matter of written record was independently developed by

the receiving party; or (iii) was received by the receiving party, after the time of disclosure

hereunder, from a third party having the right to make such disclosure, it being understood that

this clause (iii) applies only to the extent that the receiving party may have the right to use or

disclose said information under any agreement with the third party.

13.    <u>No Effect on Disclosure to Author or Previous Recipients</u>. Nothing contained in

this Order shall affect the right of a Party to disclose any Confidential Information to any person

who appears as an author or as an addressee on the face of the document, or who has been

identified by the Designating Party as having been provided with such Confidential Information

therein by the Designating Party.

14.    <u>Legal Effect of Confidentiality Designations.</u> The designation by a Designating

Party of any document, material, tangible thing, or information "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" is intended solely to facilitate initial disclosure and discovery in

this action, and neither such designation nor treatment in conformity with such designation shall

be construed in any way as an admission or agreement by any Designating Party that the

designated disclosure constitutes or contains any trade secret, or proprietary information.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

15.   <u>Final Disposition of Action</u>.  Upon the final disposition of this action, each counsel of record shall:  (a) within thirty days return to counsel of record for the Designating Party all materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all Copies made of such materials; and (b) within thirty days destroy or see to the destruction of all materials related to Confidential Information, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the Designating Party that such destruction has been done.  As an exception to the above, counsel of record may retain a single file Copy of any document filed with the Court, a Copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits to that transcript.  The Copy of these retained documents shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect or Copy said documents.

16.   <u>Motion for Relief from Designation.</u>  If, after a Party receives information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it appears to the receiving party that any such information is not entitled to the protection afforded under this Protective Order, such receiving party shall first notify counsel of record for the Designating Party in writing, providing its reasons for challenging the designation.  If, fifteen (15) calendar days after such notice is given, the parties have been unable to reach an agreement as to whether the information should be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party may then or thereafter bring a noticed motion to be relieved of its obligations under this Protective Order as to any such information.  The Designating Party shall bear the burden of proving that the designated information constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, commercial, financial, or personnel information that relates to the Designating Party's business or that was disclosed to it in confidence by any third party, and that disclosure of the designated information to competitors, customers, or others (including the general public) would adversely prejudice the Designating Party or its business or would violate an obligation of confidentiality to a third party.  No party to this action, however, shall be obligated to challenge the propriety of any designation by any

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

other party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

17. <u>Survival of Terms</u>.  Absent written modification by the Parties or further order of the Court, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons and entities subject to the terms of this Protective Order.

18. <u>Effect on Discovery</u>.  This Protective Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground that would otherwise be available.

19. <u>Submitting to Jurisdiction of the Court</u>.  Counsel of record and each person to whom Confidential Information is disclosed pursuant to the terms of this Protective Order agrees to be subject to the *in personam* jurisdiction of the United States District Court for the Northern District of California, for the purpose of contempt proceedings or any other proceeding arising from any violation of this order.

20. <u>Violation of Order</u>.  In the event of any violation or threatened violation of any term of this Protective Order, any affected Designating Party may immediately apply to this Court in this action to obtain injunctive relief against any person violating or threatening to violate this Protective Order and, in that event, the person committing or threatening to commit such violation shall not argue or otherwise employ as a defense that the Designating Party possesses an adequate remedy at law.  The Parties and any other person or entity subject to the terms of this Protective Order agree that this Court has jurisdiction of such person, entity, or Party, for the purpose of enforcing this Order.

SO STIPULATED AND AGREED:

1  Dated:  November 30, 2005                    Respectfully submitted,

2                                               McDERMOTT WILL & EMERY LLP

3

4                                               By:        /s/ Elaine M. Heal

5                                                     Daniel E. Alberti
                                                     Stephen J. Akerley
                                                     Elaine M. Heal
6                                                    Joseph H. Paquin, Jr.
                                                     *(Pro Hac Vice Pending)*
7
                                                     Attorneys for Plaintiff, HITACHI, LTD.,
8                                                    a Japanese corporation

9  Dated:  November 30, 2005                    Respectfully submitted,

10                                              BAUM & WEEMS

11

12

13                                             By:        /s/ Robert C. Weems
                                                     Robert C. Weems
14
                                                     Attorneys for Defendants, TATUNG
15                                                   COMPANY, a Taiwanese corporation;
                                                     and TATUNG COMPANY OF
16                                                   AMERICA, INC., a California
                                                     corporation
17  IT IS HEREBY ORDERED.

18

19
    Dated:  December 1, 2005
20                                             _____
                                                     Honorable Charles R. Breyer
21                                                   United States District Judge
                                                     Northern District of California
22

23                                             APPROVED

24                                             Judge Charles R. Breyer

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**          11          **CASE NO. C 05 02302 CRB**

**DECLARATION RE: SIGNATURE PURSUANT TO GENERAL ORDER 45 § X**

I, Elaine M. Heal, declare as follows:

1.      I am an attorney at the law firm of McDermott Will & Emery LLP, counsel of record for Plaintiff Hitachi, Ltd. in the action entitled *Hitachi, Ltd. v. Tatung Company., et al.,* Case No. C 05 02302 CRB, pending before this Court.  I am a member of good standing of the State Bar of California and am admitted to practice in the United States District Court for the Northern District of California.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      I attest that the conformed signature of Robert C. Weems, counsel of record for Tatung Company and Tatung Co. of America appearing in the signature block of the STIPULATED PROTECTIVE ORDER [PROPOSED], is Mr. Weems' signature, and that Mr. Weems has authorized me to file the STIPULATED PROTECTIVE ORDER [PROPOSED].

Executed on the 30th day of November, 2005 at Palo Alto, California.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                            /s/ Elaine M. Heal

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**EXHIBIT A**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____, declare under penalty of perjury under the laws of the United States and California that:

      1.     My address is _____

_____.

      2.     My present employer is _____

_____.

      3.     My present occupation or job description is _____

_____.

      4.     I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of HITACHI LTD. v. TATUNG COMPANY, et al., Case No. C-05-2302 CRB in the United States District Court for the Northern District of California, San Francisco Division; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order; that I shall comply with and to be bound by the terms and conditions of the Protective Order; and that I shall submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order.

      5.     I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order.  I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Dated: _____     _____

                                                 (Signature)

MPK 97436-1.017575.0688

**STIPULATED PROTECTIVE ORDER**      13      **CASE NO. C 05 02302 CRB**

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO