1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

HITACHI, LTD.,

No. C 05-02302 CRB

12

          Plaintiff,

**MEMORANDUM AND ORDER RE:
MOTION TO DISQUALIFY
GREENBERG TRAURIG, LLP**

13

v.

14
15

TATUNG COMPANY, et al.,

          Defendants.
_____/

16
17

      Plaintiff, Hitachi, Ltd. ("Hitachi"), filed a complaint alleging that defendants, Tatung

18

Co. and Tatung Co. of America, Inc. (collectively "Tatung"), infringed three Hitachi patents.

19

Plaintiff now moves to disqualify defense counsel, Greenberg Traurig, LLP, on the ground

20

that Greenberg's representation of defendants constitutes a conflict of interest under Rule 3-

21

310(E) of the Rules of Professional Conduct of the State Bar of California.

22

**BACKGROUND**

23

      Hitachi alleges that Tatung infringed three Hitachi patents, U.S. Patent Nos. 6,247,090

24

(filed March 10, 1999), 6,513,088 (filed Dec. 8, 2000), and  6,549,970 (filed Dec. 8, 2000).

25

Hitachi is represented by McDermott, Will & Emery LLP ("McDermott").

26

      Between December 2003 and November 2004, McDermott represented Hitachi in Top

27

Victory Electronics, et al. v. Hitachi, Ltd., Case No. C 03-5792 WHA (N.D.Cal.)(dismissed

28

on November 16, 2004 per settlement agreement)("TVP case").  In the TVP case, Hitachi

asserted the *same three patents* asserted in this lawsuit against Tatung.  Hitachi claims that

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

the accused products in the TVP case operate virtually identically to the accused Tatung

products.  Further, the defenses alleged in the TVP case were substantively identical to those

raised by Tatung in this case.

Until mid-October 2005, Mr. Jong P. Hong was an associate at McDermott.  He

represented Hitachi in the TVP case and billed 340 hours to the case over six months, until

the time the case settled.  The parties dispute the extent of Mr. Hong's involvement in the

TVP case.  Tatung claims Mr. Hong had limited knowledge of the TVP case which primarily

was derived from document review.  Hitachi claims, however, that Mr. Hong was involved

with most areas of the case and even attended meetings concerning case strategy and

preparations for mediation.

McDermott filed the present action on behalf of Hitachi in June 2005.  Although Mr.

Hong was still employed at McDermott until October 2005, he did not work on the present

matter and billed no time to it.

Tatung originally retained a different firm, Baum and Weems, as counsel in this case.

Tatung substituted Greenberg Traurig, LLP ("Greenberg") as counsel in this case in January

2006.  Tatung claims it chose Greenberg because it is familiar with Tatung's intellectual

property and its products.  Greenberg has represented Tatung in seventeen matters in the last

four years.  Further, Tatung claims to have chosen Greenberg for this matter to consolidate

its patent litigation into one team, already familiar with its technology and strategy, thus

saving costs.

Mr. Hong is currently an associate at Greenberg.  Mr. Hong began working at

Greenberg in October 2005, before Tatung retained Greenberg in this matter.  Greenberg has

28 offices and four affiliate offices.  Most of the work relating to the present matter,

however, is being conducted out of the Silicon Valley office, where Mr. Hong is located.

Only 14 attorneys are listed on the Greenberg website as being in the Greenberg Silicon

Valley intellectual property department.  Only six attorneys are listed as being a member of

only the intellectual property or intellectual property litigation groups, of which Mr. Hong is

United States District Court

For the Northern District of California

1   one.  Another attorney listing only intellectual property and intellectual property litigation as

2   areas of practice is Mr. Korea, one of three attorneys of record for Tatung.

3        Prior to entering an appearance in this case, Greenberg implemented an ethical wall.

4   The firm notified Mr. Hong that his employment would be terminated if he shared any

5   confidential information related to Hitachi with anyone at Greenberg.  The firm's

6   information technology ("IT") department set up a separate "library" to house documents in

7   the case, which Mr. Hong cannot access.  Further, the firm sent a memorandum highlighting

8   the conflict and screening procedures to the entire Silicon Valley office, the intellectual

9   property and records department in the Los Angeles office, and the entire intellectual

10  property department firmwide.  The firm instituted a "closed door" policy when their

11  attorneys are discussing the Tatung matter.  Finally, Mr. Hong has declared that he has not

12  disclosed any confidential information related to, derived from, or in any way connected to

13  his representation of Hitachi.

## DISCUSSION

15       Plaintiff argues that Mr. Hong is an associate at Greenberg, that Mr. Hong formerly

16  represented Hitachi in a substantially related matter, that ethical walls, as a matter of law in

17  California, are insufficient to prevent the vicarious disqualification of Greenberg, and that

18  the ethical wall here provides ineffective protections of confidential information.  Defendants

19  do not dispute that Mr. Hong, an associate at Greenberg, formerly represented Hitachi in a

20  substantially related matter.  Rather, they argue that vicarious disqualification of Greenberg

21  is unwarranted because the firm properly instituted an ethical wall to prevent the sharing of

22  confidential information.  However, if necessary to satisfy the Court, Tatung offers to

23  transfer the Tatung litigation matter to another Greenberg office.

24  **I.    LEGAL STANDARDS**

25       Motions to disqualify counsel are decided under state law.  In re County of Los

26  Angeles, 223 F.3d 990, 995 (9th Cir. 2000).  Ultimately, however, the decision to disqualify

27  counsel for conflict of interest is within the trial court's discretion.  Trone v. Smith, 621 F.2d

28  994, 999 (9th Cir. 1980).

**United States District Court**

**For the Northern District of California**

Under California law the starting point for deciding a motion to disqualify counsel is the recognition of interests implicated by such a motion. Courts "must examine these motions carefully to ensure that literalism does not deny the parties substantial justice." People ex rel. Department of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1144 (1999). At base, "disqualification motion[s] may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, [and] the financial burden on a client to replace disqualified counsel." Id. at 1145. Ultimately, however, a court must maintain ethical standards of professional responsibility. Id.

## II.   DISQUALIFICATION OF MR. HONG: SUBSTANTIALLY RELATED REPRESENTATION

Mr. Hong must be disqualified from representing Tatung in this matter. Rule 3-310(E) of the Rules of Professional Conduct of the State Bar of California states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Prof.Conduct, Rule 3-310 (E). Further, where an attorney violates this rule by "successively represent[ing] clients with adverse interest, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation." SpeeDee Oil, 20 Cal. 4th at 1146. Because Tatung does not dispute that this case constitutes a substantially related matter to the TVP case, Mr. Hong must be disqualified from representing Tatung in this matter. Tatung does not dispute Mr. Hong's disqualification.

## III.   DISQUALIFICATION OF GREENBERG: ETHICAL WALLS

### A.   Legal Background

The established rule in California is that where an attorney is disqualified from representing a client because that attorney had previously represented a party with adverse interests in a substantially related matter that attorney's entire firm must be disqualified as

well, regardless of efforts to erect an ethical wall.[1] <u>Klein v. Superior Court</u>, 198 Cal. App. 3d 894, 912-14 (Ct. App. 1988); <u>Henriksen v. Great American Savings & Loan</u>, 11 Cal. App. 4th 109, 117 (Ct. App. 1992); <u>Flatt v. Superior Court</u>, 9 Cal. 4th 275, 283 (1994). Nonetheless, recent California and Federal decisions may indicate an increased willingness in California to allow timely and effective ethical walls to prevent vicarious disqualification. <u>See</u> Ronald St. John, <u>Screened Out: When an Ethical Screen Can Be Used to Avoid Vicarious Disqualification of a Law Firm Remains Unsettled</u>, 27 -Feb L.A. Law. 29, 32-35 (2005). No California case, however, has yet expressly altered the established rule.

In <u>Klein</u>, the California Court of Appeals for the Sixth District reversed a trial court's order allowing the use of an ethical wall. <u>Klein</u>, 198 Cal. App. 3d at 913-14. There, a partner in the plaintiff's firm had formerly represented the defendant in similar matters. <u>Id.</u> at 905-06. The trial court disqualified the partner and ordered an ethical wall to screen the disqualified partner from the rest of the firm. <u>Id.</u> at 906. The California appellate court reversed and ordered the entire firm disqualified. <u>Id.</u> at 913-14. In <u>Klein</u>, unlike the present case, there was no attempt to screen the disqualified attorney from the litigation at hand, <u>id.</u> at 914, and the disqualified attorney even appeared on the complaint in the current action. <u>Id.</u> at 906. Commenting on the use of ethical walls, however, the court noted:

> Clearly, the California precedent has not rushed to accept the concept of disqualifying the attorney but not the firm, nor has it enthusiastically embarked upon erecting [ethical] walls. Aside from two limited exceptions - the former government attorney [] and the punitive disqualification, not for conflict of interest but for improper communication [] - no California case appears to have permitted disqualification of the individual attorney for a conflict without disqualifying his law firm.

<u>Id.</u> at 912-13. Thus, the court held that the use of an ethical wall would not prevent vicarious disqualification. <u>Id.</u> at 913-14.

In <u>Henriksen</u>, the California Court of Appeal for the First District relying on <u>Klein</u> again rejected the use of an ethical wall to screen non-governmental attorneys. <u>Henriksen</u>, 11 Cal. App. 4th at 117. There, an attorney who formally worked on the matter at issue for the defendant's firm joined the plaintiff's firm during the pendency of litigation. <u>Id.</u> at 115. In

---

[1]     An "ethical wall" is also known as "Chinese wall" or "ethical screen."

1   opposition to a motion to disqualify the entire plaintiff's firm, the plaintiffs alleged that the

2   disqualified attorney was ethically walled from the matter from the point at which he joined

3   the firm.  Id. at 112.  Rejecting this option the court noted:

> we believe the rule to be quite clear cut in California: where an attorney is
> disqualified because he formerly represented and therefore possesses
> confidential information regarding the adverse party in the current litigation,
> vicarious disqualification of the entire firm is compelled as a matter of law.

Id. at 117.  Thus, the court vicariously disqualified the entire firm.  Id.

In Flatt, the California Supreme Court addressed the issue of vicarious

disqualification.  Flatt, 9 Cal. 4th at 283.  Flatt involved the duty to advise a client of the

impending statute of limitations when the attorney must withdraw because of concurrent

conflict of interest.  Id. at 278.  The court, in analyzing the issue presented, looked to the area

of vicarious disqualification and repeated the "compelled as a matter of law" rule of

Henriksen.  Id. at 283 ("Where the requisite substantial relationship between the subjects of

the prior and the current representations can be demonstrated, access to confidential

information by the attorney in the course of the first representation (relevant, by definition, to

the second representation) is presumed and disqualification of the attorney's representation

of the second client is mandatory; indeed, the disqualification extends vicariously to the

entire firm.")(underlined emphasis added).

Tatung relies on a more recent California Supreme Court case and a Ninth Circuit

opinion to evince a shift toward an increased willingness in California to allow ethical walls.

SpeeDee Oil, 20 Cal. 4th at 1151-52;  County of Los Angeles, 223 F.3d at 995-996.  The

Court finds that these cases, though indicating the possibility of a future shift in California

law, have not altered the established rule of vicarious disqualification.

The California Supreme Court in Speedee Oil used language seemingly consistent

with the possibility of ethical walls.  SpeeDee Oil, 20 Cal. 4th at 1152-53.  There a number of

attorneys from the firm representing the defendants discussed the matter with an attorney

representing an adverse party.  Id. at 1140-43.  The court stated:

> In any event, we need not consider whether an attorney can rebut a
> presumption of shared confidences, and avoid disqualification, by
> establishing that the firm imposed effective screening procedures.  The

United States District Court

For the Northern District of California

1  declarations the Shapiro firm submitted fail to demonstrate that any formal
2  screening procedure prevented attorneys working on respondents' behalf
   from being exposed to Mobil's confidences.

3  Id. at 1152-53.  Commentators have argued that if the Henriksen "clear cut rule" was truly

4  the law in California, the court would not have needed to even examine the efficacy of the

5  ethical wall.  St. John, supra, at 32.  But the mere failure of the California Supreme Court to

6  address the issue of whether ethical walls are permissible to preclude vicarious

7  disqualification does not overrule the established rule.  Thus, Speedee Oil did not overrule

8  Henriksen or Flatt.

9      The facts of County of Los Angeles lend no support to the present case because

10 County of Los Angeles dealt with a former settlement judge entering private practice and not

11 a private attorney moving from one firm to another.  County of Los Angeles, 223 F.3d at

12 992; see also Chambers v. Superior Court, 121 Cal. App. 3d 893, 902-03 (Ct. App.

13 1981)(allowing law firms that employ former government lawyers to use ethical walls to

14 prevent vicarious disqualification).  Further, the two matters at issue in County of Los

15 Angeles were not as similar as they are here.  See County of Los Angeles, 223 F.3d at 992.

16 There, the two matters involved two unrelated incidents of police brutality while here the two

17 cases involve the same patents.  Id.  As for the Ninth Circuit's treatment of the law of ethical

18 walls, the Ninth Circuit addressed the impact of Speedee Oil, asserting:

19         the [California Supreme Court] left open the possibility that screening can
           rebut the presumption of shared confidences within the firm.  We read
20         Speedee Oil as sending a signal that the California Supreme Court *may well
           adopt* a more flexible approach to vicarious disqualification.
21
22 Id. at 995 (emphasis added).  Thus, the County of Los Angeles court interpreted Speedee Oil

23 as indicating a move in California toward a  rejection of the "clear cut rule" of Henriksen.

24 But even the Ninth Circuit's flexible interpretation of Speedee Oil, however, only indicates

25 that California "may well adopt a more flexible approach" *in the future.*  Id.  Thus, although

26 County of Los Angeles indicates the possibility of a future shift in California law, the

   established law outlined in Klein, Henriksen, and Flatt remains intact.
27
28     Finally, Tatung points to two district court cases allowing the use of ethical walls to

   prevent vicarious disqualification.  Nichols Institute Diagnostics, Inc. v. Scantibodies

1    Clinical Labs., Inc., Civ. No. 02-0046-B (LAB) (S.D. Cal. Mar. 21, 2002), aff'd 37 Fed.

2    Appx. 510 (Fed. Cir. May 8, 2002)(allowing the use of an ethical wall where partner was

3    disqualified for having received confidential information while meeting a prospective client);

4    Visa, U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100 (N.D. Cal. 2003)(allowing the

5    use of an ethical wall where the adverse client prospectively waived conflicts).  However, a

6    more recent District Court Case has rejected the flexible approach of Nichols and Visa.  I-

7    Enterprise Co. v. Draper Fisher Jurvetson Management Co., No. C-03-1561 (MMC) (N.D.

8    Cal. April 4, 2005) (rejecting the broad reading of County of Los Angeles and Speedee Oil

9    and holding ethical walls may not prevent disqualification where an attorney moves from one

10   private firm to another).

11           The established law in California rejects ethical walls and neither Speedee Oil nor

12   County of Los Angeles reverse Klien, Henriksen, or Flatt.  Although the combined force of

13   Speedee Oil and County of Los Angeles may indicate a move toward increased flexibility,

14   this has yet to happen; district courts have not universally rushed to adopt the more flexible

15   approach foretold in County of Los Angeles.  Finally, Tatung can point to no California state

16   court case after Henricksen that has expressly allowed the use of an ethical wall where an

17   attorney moves from one private firm to another.  Thus, although the law in California may

18   be at a critical shift, this Court is bound to follow California law as it presently exists.

19   Accordingly, as a matter of California law, the Court finds that Greenberg's ethical screening

20   procedures cannot prevent vicarious disqualification and Greenberg is disqualified from

21   representing Tatung in this matter.

22           **B.       Even if Ethical Walls Were Permissible the Court Would Still Disqualify**

23                    **Greenberg**

24           Even if California law permitted ethical walls to prevent disqualification where an

25   attorney moves from one private firm to another, in the particular circumstances of this case,

26   the Court, in its discretion, would disqualify Greenberg.

27           As set forth above, Greenberg promptly recognized and attempted to resolve the

28   ethical conflict.  Greenberg immediately initiated an ethical wall, instituting its screening

**United States District Court**

For the Northern District of California

1    procedures prior entering an appearance in this case without being compelled by Hitachi.

2    Greenberg isolated Mr. Hong from the present case by warning him and other members of

3    the firm, denied him access to case files, and instituted a closed door policy for discussions

4    relating to the present case.  Short of transferring the matter to another office, which they

5    have offered if the Court finds necessary, Greenberg could not substantially improve the

6    efficacy of their ethical screening procedures.

7        Nonetheless, the Court finds that disqualification is warranted, in part because this

8    action and the action in which Mr. Hong represented Hitachi are so substantially related –

9    indeed, they are nearly identical.  The same patents are at issue in both cases.  In a patent

10   infringement action the patent holder's strategy with respect to claim construction is critical.

11   This strategy often depends more on how the patent is written, the statements made in

12   obtaining the patent, and prior art than with the accused infringer's products.  Further, Tatung

13   has not cited a single case in which a court held that an ethical wall prevented the vicarious

14   disqualification of a firm where the two matters were as closely related as the two at issue

15   here, and where the disqualified attorney had billed such a significant amount of time on the

16   earlier matter.

17       The Court also finds it troubling that the present case is handled primarily out of the

18   same office that Mr. Hong is located.  It is not proximity, but financial incentive, that has led

19   past courts to render ethical walls insufficient in the private firm context.  City of Santa

20   Barbara v. Superior Court, 122 Cal. App. 4th 17, 24 (Ct. App. 2004).  In the context of the

21   disqualification of government attorneys, for example, courts regularly disqualify a

22   government attorney without disqualifying the attorney's particular office.  Id.  However, the

23   close proximity of Mr. Hong and the attorneys handling the Tatung matter undoubtedly

24   increases the unease of Hitachi that their confidential information will be improperly

25   disclosed.  Moreover, the close proximity increases the actual risk of intentional or

26   unintentional disclosure of Hitachi confidential information.

27       The small size of Greenberg's Silicon Valley intellectual property department

28   exacerbates the problem of proximity and leads the Court to conclude that the ethical wall is

**United States District Court**

For the Northern District of California

1   insufficient.  Because of the small number attorneys practicing intellectual property in

2   Greenberg's Silicon Valley office, and the even smaller number of attorneys practicing only

3   intellectual property and intellectual property litigation, Mr. Hong likely has substantial

4   contact with the Greenberg intellectual property attorneys handling this case.  Further,

5   although Greenberg has instituted a "closed door" policy when their attorneys are discussing

6   the Tatung matter, Greenberg has not otherwise isolated Mr. Hong from the Tatung legal

7   team.

8          Ultimately, balancing the relative interests of the parties with the need to preserve

9   ethical standards favors the disqualification of Greenberg.  Although Tatung has a substantial

10  relationship with Greenberg, having handled seventeen patent litigation matters for Tatung

11  since 2002, the risk of the improper disclosure of Hitachi confidential information is too

12  great.  Moreover, Greenberg was not Tatung's first choice to handle this matter.  While

13  recognizing that Greenberg promptly instituted screening procedures to protect Hitachi

14  confidential information, the Court is concerned by the small size of the Greenberg Silicon

15  Valley intellectual property department and substantial contact between Mr. Hong and the

16  Greenberg attorneys handling the Tatung matter.

17         Tatung's offer to move the handling of the present case to another Greenberg office is

18  also insufficient to prevent Greenberg's disqualification.  Moving the matter to another office

19  would reduce the contact that Mr. Hong would have with the attorneys handling this case and

20  could relieve some of the Court's concerns while preserving Tatung's interest of having

21  effective counsel of their choice.  The offer to move the case here, however, is similar to the

22  offer to create an ethical wall that the California Supreme Court rejected in Speede Oil.  See

23  SpeeDee Oil, 20 Cal. 4th at 1151-52.  Moving the matter to another office is too late as Mr.

24  Hong already has had significant contact with the attorneys handling this matter during the

25  pendency of the litigation.  The time to have moved the matter would have been when the

26  ethical conflict was discovered, not after losing a motion to disqualify.  Thus, Tatung's offer

27  to move the handling of the present case to another Greenberg office is insufficient.

28

**United States District Court**

For the Northern District of California

IV.    **CONCLUSION**

Mr. Hong must be disqualified from the present matter as he previously represented Hitachi in a substantially related matter.  Greenberg must also be disqualified.  The vicarious disqualification of Mr. Hong's entire firm is compelled as a matter of California law. Further, even if the Court were to accept a more flexible approach to the use of ethical walls, in the particular circumstances of this case the screening procedures utilized in this case are insufficient to adequately protect Hitachi confidential information and prevent the appearance of impropriety.

**IT IS SO ORDERED.**


Dated: March 3, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE